<u>FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

    ORLANDO MOLINA,

                        Debtor.

------------------------------------------------------------X

           :      Chapter 13

           :      Case No. 17-12338 (CGM)

## MEMORANDUM DECISION
## APPROVING FEE APPLICATION IN PART AND DENYING IN PART

**A P P E A R A N C E S :**

LINDA M. TIRELLI
VICTORIA REILLY LEHNING
Tirelli Law Group, LLC
50 Main Street, Suite 1265
White Plains, NY 10606
*Attorneys for the Debtor*

DENNIS JOSE
THOMAS C. FROST
399 Knollwood Road, Suite 102
White Plains, NY 10603
*Attorneys for Krista M. Preuss, Chapter 13 Trustee*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

        The Court has a duty to decide the propriety of certain fees requested by the Debtor's

attorneys, Linda M. Tirelli and Victoria Reilly Lehning of Tirelli Law Group, LLC (collectively,

"Debtor's Counsel"). In a fee application filed April 3, 2021 ("Fee Application," ECF No. 113),

Debtor's Counsel has requested approval of the remaining balance of $2,000 due on the base fee,

$16,000 in additional fees, and $65.92 in expenses for services in this case. For the reasons

expressed below, the Court approves in part and denies in part the Fee Application.

**Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 157(a) and

1334(b), the District Court's Standing Order of Reference dated July 10, 1984, and the Amended

Standing Order of Reference dated January 31, 2012. This is a core proceeding under 28 U.S.C.

§ 157(b)(2)(A) ("matters concerning the administration of the estate") and (B) ("allowance or

disallowance of claims against the estate").

**Background**

This Chapter 13 case was filed on August 24, 2017. Debtor's Counsel has represented the

Debtor throughout the pendency of the case.[1] Filed with the petition was the statement required

by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure ("2016(b) Form," ECF No. 113,

Ex. 2). The 2016(b) Form indicated that Debtor's Counsel had agreed to accept a $5,500 base fee

for this case, with $3,500 paid prior to its filing. Debtor's Counsel agreed to render a variety of

legal services covered by the $5,500 base fee, with several other tasks not covered by this fee.

The breakdown of what is and is not included in the base fee was further elaborated in the

retention agreement between the Debtor and Debtor's Counsel ("Retention Agreement," ECF

No. 113, Ex. 4).

As it appears on the docket, the case, while four years old, is not overly complicated. The

Debtor has filed several Chapter 13 plans, none of which has been confirmed. Much of the

Debtor's efforts have been spent restructuring a debt he has for an investment property in

Reading, PA. Those efforts formed the basis of the secured creditor's objections, which were

resolved by stipulation, and much of the Trustee's motion to dismiss. The claims register reflects

---

[1] When the case was filed, Ms. Tirelli was a partner with Tirelli & Wallshein, LLP. At some point, she transitioned to Tirelli Law Group, LLC.

debts for taxes, trash fees, student loans, and a mortgage loan, along with Debtor's Counsel's administrative claim for the remainder of the base fee. There have been no adversary proceedings. The Fee Application also outlines several ancillary matters that were necessary to be resolved to present a confirmable plan. Every activity in this case—even those atypical of Chapter 13 cases—is familiar to the Court, the Chapter 13 Trustee, and the attorneys that practice before the Court.

Krista M. Preuss, the Chapter 13 Trustee ("Trustee"), filed partial opposition to the Fee Application ("Opposition," ECF No. 117) on April 22, 2021. The Opposition argues, among other things, that much of the additional fees requested by Debtor's Counsel should be covered by the base fee. The Trustee accordingly requests that the fees sought by Debtor's Counsel be reduced by $9,215.

Debtor's Counsel replied to the Opposition on April 26, 2021 ("Reply," ECF Nos. 117 and 118), providing more details to the time entries and further arguing that the fees are reasonable and necessary. In the Reply, Debtor's Counsel concedes that $355 of the additional fees sought should have been included in the base fee and reduces their fee request in that amount.

The Court held its initial hearing on the matter on April 29, 2021. At that hearing, the Court indicated that it would proceed on the Fee Application in a summary judgment-like manner and ordered the parties to submit a statement laying out the disputed time entries line-by-line, with the Trustee noting her dispute and Debtor's Counsel providing a rationale for why the fees should be approved. The parties submitted the statement on August 2, 2021 (ECF No. 133). Hearings were also held on June 24 and August 5, 2021.

**Discussion**

A.     Summary of Law

    1.     Fee Applications

Under 11 U.S.C. § 330(a)(1), the Court may award:

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

Section 330(a)(2) allows the court to "award compensation that is less than the amount of compensation that is requested." To determine the reasonableness of compensation to be awarded, the Court considers:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

"Under Section 330(a), the applicant bears the burden of proof on its claim for compensation. This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by debtor." *In re Nw. Airlines Corp.*, 400 B.R. 393, 398 (Bankr. S.D.N.Y. 2009) (cleaned up). Once that burden is met, "[a] party opposing a fee application must carry the burden of explaining what therein is unreasonable or, at least, what would be reasonable under the circumstances." *In*

*re Blackwood Assocs., L.P.*, 165 B.R. 108, 112 (Bankr. E.D.N.Y. 1994). "Even in the absence of

an objection, the bankruptcy court has an independent duty to review fee applications to protect

the estate[.]" *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997).

> Time entries should be kept contemporaneously with the services rendered in time
> periods of tenths of an hour. Services should be noted in detail, with each service
> showing a separate time entry and not combined or "lumped" together; however,
> tasks performed on a project which total a *de minimis* amount of time can be
> combined or lumped together if they do not exceed 0.5 hours on a daily aggregate.
> Time entries for telephone calls, letters, and other communications should give
> sufficient detail to identify the parties to and the nature of the communication. Time
> entries for court hearings and conferences should identify the subject of the hearing
> or conference.

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases, General Order M-447, at ¶ A(4)(vii) (Jan. 29, 2013) ("Amended

Guidelines").

    2.      Retention Agreements

    "Federal courts apply state law when ruling on the interpretation of contractual attorney

fee provisions." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 103 (2d Cir. 1999). The

contract was executed by two New York parties in New York for services in New York, so New

York law applies. New York's contract interpretation rules rest on "the principle that agreements

should be enforced pursuant to their clear terms[, which] promotes stability and predictability

according to the expectations of the parties." *Freedom Mortg. Corp. v. Engel*, 169 N.E.3d 912,

917 (N.Y. 2021) (cleaned up). "The general rule that equivocal contracts will be construed

against the drafters is subject to particularly rigorous enforcement in the context of attorney–

client retainer agreements." *Albunio v. City of New York*, 11 N.E.3d 1104, 1107 (N.Y. 2014)

(cleaned up).

3.      Attorney Disclosure Requirements

Section 329(a) of the Bankruptcy Code requires an attorney for a debtor to file "a

statement of the compensation paid or agreed to be paid . . . for services rendered or to be

rendered in contemplation of or in connection by the case by such attorney[.]" This statute is

implemented by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, which requires the

filing of the required statement within fourteen days of the petition date. "[I]t is often advisable

for a consumer debtor's attorney to spell out in the disclosure exactly which services are covered

by the basic fee being paid to the attorney, which services are not covered and an hourly rate for

the latter category of services." 9 Collier on Bankruptcy ¶ 2016.18 (16th ed. 2021). The Court

interprets the provisions of the disclosure statement required by Rule 2016(b) similar to

contracts. *See In re Long*, 553 B.R. 266, 279 (Bankr. M.D. Pa. 2016) (ambiguities in 2016(b)

disclosure statement resolved against counsel and in favor of debtor).

B.      Expenses

Debtor's Counsel requests $65.92 for expenses in this case. The invoice attached to the

Fee Application ("Invoice," ECF No. 113, Ex. 4) shows seven line items for expenses, six of

which are for postage and one of which is for a credit report. The Court finds these expenses to

be necessary for this case and approves all expenses requested. *See* 11 U.S.C. § 330(a)(1)(B).

C.      Remaining Base Fee

According to the 2016(b) Form, Debtor's Counsel agreed to accept $5,500 as a base fee

for legal services in this case, with $3,500 paid prior to the filing of the form. Debtor's Counsel

requests the $2,000 balance as part of the Fee Application. The Court finds this amount to be

reasonable compensation for actual, necessary services in this case and approves compensation

for the remainder of the base fee. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D).

D.    Additional Fees

1.    Linda Tirelli

The Invoice lists twenty-four line items for Ms. Tirelli's services in this case. For those

line items, Debtor's Counsel notes 26.6 hours of time and requests $13,300 in additional

compensation. The Court addresses each line item.[2]

a.    9/6/17, 11/2/17, 11/3/17[3]

Debtor's Counsel requests $2,700 for 5.4 hours of work for communication with creditors

for alleged stay violations. These include correspondence with a creditor attempting to foreclose

on property in Reading, PA; correspondence with New York City regarding parking tickets; and

correspondence with Chase Bank regarding a frozen checking account. The Trustee argues that

these activities are covered by § 2 of the Retention Agreement, that they are routine interactions

with creditors that should not warrant charge, and that the fee charged is excessive.

"In this district, there is no local rule regarding what services must be included in the flat

fee . . . . Services that are not considered 'typical' may be properly excluded from the flat fee so

long as the client receives proper notice of what is and is not included." *In re Cahill*, 478 B.R.

173, 177 (Bankr. S.D.N.Y. 2012). While the Retention Agreement makes clear that stay violation

litigation is not included in the base fee, the base fee does include "[n]otifying creditors by

certified mail of alleged violations of the automatic stay." Debtor's Counsel acknowledges this

provision, arguing that the agreement does not address conversations with the client and creditors

to rectify the alleged violations. The Retention Agreement does not mention anything in between

---

[2] Due to the interrelated nature of several time entries, the time entries are not addressed in chronological order.

[3] The dates in the section headings correspond to time entries in the Invoice. Where there are multiple time entries on the same day, the Court notes which entry is discussed by also noting the order in which it appears in the Invoice (*i.e.*, 1st, 2d, etc.).

communications via certified mail (which are included in the base fee) and stay violation

litigation (which is not). It does say that "[a]ny other matter not covered by the base fee" entitles

Debtor's Counsel to additional fees. Each of the time entries merely mentions drafting

correspondence and telephone calls. Their lack of detail, coupled with block billing, make it

impossible to tell from the face of the entry what amounts of the entry pertain to included

services and which do not.

"Courts have routinely disallowed fees when multiple tasks are aggregated into one

billing entry, typically referred to as 'block-billing' or 'lumping,' as it makes it exceedingly

difficult to determine the reasonableness of the time spent on each of the individual tasks

performed." *In re GSC Group, Inc.*, 502 B.R. 673, 742 (Bankr. S.D.N.Y. 2013). A court may

also reduce fees sought due to block billing. *See Hines v. City of Albany*, 613 F. App'x 52, 55 (2d

Cir. 2015). "[V]ague descriptions which lack the details necessary to permit the court to assess

the reasonableness of the applicant's work are also not permitted." *In re GSC Group, Inc.*, 502

B.R. at 742. "In order to enable the Court to determine whether the time expended is reasonable,

time entries such as meetings, conferences, correspondence and telephone calls must identify the

participants, describe the substance of the communications, explain its outcome and justify its

necessity." *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).

For the September 6, 2017 and November 3, 2017 entries, the correspondences with

creditors regarding stay violations are ostensibly covered by the base fee, as Debtor's Counsel

has not detailed the medium of correspondence, and the Court must presume it is covered by

provision including notification of creditors by certified mail of violations of the automatic stay.

Debtor's Counsel argues that the Retention Agreement addresses notifying creditors when the

automatic stay is violated and that it does not address emails, correspondence, and phone calls to

resolve the violation. This argument is not persuasive, as any notification made to creditors regarding stay issues is an attempt to resolve those issues. As for the November 2, 2017 entry, it is unclear whether Debtor's Counsel is indicating that correspondence was drafted and a separate email sent or that the email that was drafted was the extent of the correspondence. The ambiguity prevents the Court from determining what amount of the work fits within notifying creditors of alleged violations of the automatic stay via certified mail.[4] The Court finds that the correspondences in these three time entries are covered by the base fee.

The telephone calls in the entries would warrant, at a minimum, reduction, as block billing again makes it impossible to know how much of the time was spent on each line item. Of the three time entries, only one hints at the substance of the calls, and it fails to explain the outcome of the calls. The Court cannot approve fees for vague time entries.

The last portion of the time entries that could permit additional compensation is Debtor's Counsel's response to the Debtor regarding his frozen checking account. Section 2 of the Retention Agreement states that "[p]roviding [the Debtor] with answers to frequently asked questions and other routine communications with [the Debtor]" is covered by the base fee. The Court agrees with Debtor's Counsel that addressing stay violations due to frozen bank accounts is not typical, putting this correspondence with the Debtor outside of the base fee. Due to block billing, though, the Court cannot determine how much time was spent on this discrete task, which would justify disallowing any fees. *See In re GSC Group, Inc.*, 502 B.R. at 742. The vagueness in the overall time entry makes it difficult for the court to assess. The Court trusts that

---

[4] For instance, Debtor's Counsel might have prepared the notification to be sent to the creditor by certified mail and, after having sent it, attached the same correspondence to an email to the creditor and its counsel. In that circumstance, the act of sending the email does not transform the earlier preparation into an event entitled to additional fees.

this communication with the Debtor took place and is willing to give the benefit of the doubt

that, at a minimum, 0.1 hours would have been spent on this task. Rather than outright denial, the

Court can reduce the fees sought for this task to a minimum amount. *See Hines v. City of Albany*,

613 F. App'x at 55. The Court will allow $50 for 0.1 hours of work for this task, which the Court

finds reasonable under the circumstances. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D).

Debtor's Counsel has largely failed their burden to establish their entitlement to the fees

for these line items, and the Court must sustain the Trustee's objection in part. The Court allows

$50 of the $2,700 sought for these time entries.

b.  1/18/18

Debtor's Counsel seeks $1,650 in fees for 3.3 hours of work related to the closing of a

sale of property in East Orange, NJ that was owned by the Debtor's father. This included review

of a letter from the real estate attorney, research to determine whether the asset was part of the

estate, and correspondence with the real estate attorney about Debtor's Counsel's findings. The

Trustee argues that these activities are covered by § 2 of the Retention Agreement, that they are

routine interactions with parties in interest that should not warrant charge, and that the fee

charged is excessive. Debtor's Counsel counters that these activities saved the Court from a

pointless motion for relief from stay for property that the estate has no interest in, which, in turn,

saved the estate from costly motion practice.

The Court agrees with Debtor's Counsel in part. It is true that their research and

correspondence was able to help avoid motion practice. That work, though, chiefly appears to

have benefitted the Debtor's father and the property buyer. Section 330(a)(4)(B) allows

compensation to a debtor's attorney in a Chapter 13 case "for representing the interests of the

debtor in connection with the bankruptcy case based on a consideration of the benefit and

necessity of such services to the debtor and the other factors set forth in this section." It does not authorize the Court to allow compensation for services that primarily benefit other parties. The Court finds that 1.0 hour of the services was a reasonable amount of time to benefit the Debtor and the estate. *See* 11 U.S.C. § 330(a)(3)(A), (C), and (D). The Court also finds $500 to be a reasonable fee for this amount of time. *See* 11 U.S.C. § 330(a)(3)(B). The Court accordingly sustains in part and overrules in part the Trustee's objection to these particular fees and allows $500 of the $1,650 sought.

c.  7/25/18, 8/22/18, 10/30/18, 11/5/18, 12/3/18, 5/20/19, 6/24/19, 9/20/19, 1/30/20 (2d), 8/30/20, 10/3/20

The Court next addresses Debtor's Counsel's request for compensation for multiple time entries related to negotiations with the secured creditor regarding a cramdown value for property in Reading, PA. The Trustee did not raise opposition to any of these entries. Nevertheless, the Court will disallow compensation for all of these entries, which total $4,450 for 8.9 hours of work.

The 2016(b) Form states that the base fee includes, among other things, "[n]egotiations with secured creditors to reduce to market value[.]" As averred by Debtor's Counsel, these negotiations were with RoundPoint Mortgage Servicing Corp. ("RoundPoint"), the secured creditor for the Reading, PA property, to reduce its secured claim to $13,000, the agreed-upon value for the property. These negotiations resulted in a stipulation, which the Court approved on November 25, 2020 ("Stipulation," ECF No. 104). While the Stipulation also resolved RoundPoint's objection to confirmation, these negotiations resulted in a cramdown—reducing a secured claim to market value. *See* 11 U.S.C. §§ 506(a) (allowed claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount

of such allowed claim") and 1325(a)(5)(B) (plan confirmable where plan provides for value of secured claim). Each of these entries is covered by the 2016(b) Form as part of the base fee.[5] The Court must disallow the $4,450 sought for these entries.

      d.  10/24/17

Debtor's Counsel also seeks $1,000 for 2.0 hours of work pertaining to interactions with a creditor regarding prepetition tax debts on the Reading, PA property. The Trustee argues that these activities are covered by § 2 of the Retention Agreement, that they are routine interactions with a creditor that should not warrant charge, and that the fee charged is excessive. Debtor's Counsel counters that the Debtor believed that the creditor was paying the taxes and did not know there were any outstanding taxes, making this outside the scope of the Retention Agreement.

Debtor's Counsel states that this work was part of the larger negotiations in which Debtor's Counsel was able to negotiate a cramdown amount of $13,000 on the Reading, PA property. As noted directly above, the cramdown negotiations are covered by the 2016(b) Form as "[n]egotiations with secured creditors to reduce to market value" as part of the base fee. The Court thus disallows the $1,000 sought for this time entry.

      e.  9/26/17

Debtor's Counsel seeks $500 for 1.0 hour of work for review of RoundPoint's objection to confirmation (ECF No. 13) along with an email to opposing counsel. The Trustee objects to compensation for this entry, arguing that "review of routine objections to confirmation filed by secured creditors are part and parcel of Chapter 13 practice" and that the charge is excessive.

---

[5] These negotiations are also partly covered by § 2 of the Retention Agreement as "[r]esponding to written creditor contacts regarding . . . valuation of collateral[.]"

The Court rejects the Trustee's contention that objections to confirmation must be included under the base fee. "[T]his Court allows attorneys to charge additional fees for objections to confirmation[.]" *In re Cahill*, 478 B.R. at 177. The objection, though, is about one page of text. It is simply unreasonable for Debtor's Counsel to have spent one hour reviewing the objection. At most, 0.3 hours was warranted for review of an objection of this length and subject matter. *See* 11 U.S.C. § 330(a)(3)(A), (C), and (D). The Court finds $150 reasonable for this amount of work. *See* 11 U.S.C. § 330(a)(3)(B). Given the content of the objection, the accompanying email would needed to have concerned the proposed cramdown, which, for reasons stated above, does not entitle Debtor's Counsel to additional compensation. As the burden is on Debtor's Counsel to establish entitlement to fees, any ambiguity in this regard must be construed against Debtor's Counsel. *See In re GSC Group, Inc.*, 502 B.R. at 742 ("any uncertainties due to poor record keeping are resolved against the fee applicant"). The Court sustains in part and overrules in part the objection and allows $150 of the $500 sought.

      f.   7/11/19

Debtor's Counsel requests $500 for 1.0 hour of work related to review of RoundPoint's second objection to confirmation (ECF No. 46). Unlike the other time entries for work related to confirmation objections, the Trustee did not raise opposition to this entry. Like the first objection, the second objection was about one page of text. There were minor changes from the first objection, which leads the Court to conclude that, at most, 0.3 hours was warranted for review. *See* 11 U.S.C. § 330(a)(3)(A), (C), and (D). The Court finds $150 to be reasonable for this amount of work. *See* 11 U.S.C. § 330(a)(3)(B). For the same reasons as above, no compensation is allowed for the accompanying correspondence. The Court allows $150 of the $500 sought for this time entry.

      g.  1/30/20 (1st), 3/17/20, 10/22/20

These three time entries each pertain to analysis of RoundPoint's third objection (ECF No. 65), with two of the time entries including correspondence with opposing counsel. They total $1,150 for 2.3 hours of work. The Trustee objects to compensation for all three entries on the basis that the Debtor should not be separately charged for routine review of objections and that the charge is excessive. The Trustee also objected to the second and third of these entries for being duplicative of the first. In response, Debtor's Counsel claimed that the second and third of these entries were for review of RoundPoint's fourth and fifth objections, respectively (ECF Nos. 73 and 96). (The dates of the time entries correspond with RoundPoint's later objections.)

As noted above, the Court rejects the Trustee's contention that objections to confirmation must be included under the base fee. Given the dates of the line items, the Court believes Debtor's Counsel's explanation that they pertain to third, fourth, and fifth objections to confirmation by the creditor. Those objections, though, are each about one page of text and are essentially identical. The substance of these objections had not changed from the second objection. It is unreasonable for Debtor's Counsel to have spent one hour reviewing the third and fourth objections and 0.3 hours reviewing the fifth objection. Given the largely duplicative natures of the objections, no more than 0.1 hours was warranted for review each. *See* 11 U.S.C. § 330(a)(3)(A), (C), and (D). The Court finds $150 to be a reasonable amount of compensation for this amount of work. *See* 11 U.S.C. § 330(a)(3)(B). For the reasons noted above, Debtor's Counsel is not entitled to additional compensation for the accompanying communications. The Court sustains in part and overrules in part the objection. Of the $1,150 hours requested, $150 will be allowed.

h.    10/30/20

Debtor's Counsel requests $750 for 1.5 hours of work for drafting and filing the motion

to approve the Stipulation. The Trustee has raised no opposition to compensation for this time

entry.

Section 3 of the Retention Agreement puts motion practice outside the scope of the base

fee. While the 2016(b) Form includes "[n]egotiations with secured creditors to reduce to market

value" in the base fee, it does not include motion practice to approve a stipulation resulting from

those negotiations. The Court has reviewed the underlying motion and finds that $750 for 1.5

hours is reasonable under the circumstances to prepare and file the motion. *See* 11 U.S.C.

§ 330(a)(3)(A), (B), (C), and (D). The Court allows the $750 sought for this time entry.

i.    11/25/20

Debtor's Counsel seeks $100 for 0.2 hours of work for reviewing the order entered by the

Court approving the Stipulation and then forwarding the order to the Debtor. The Trustee has not

objected to this time entry.

Given that Debtor's Counsel prepared and submitted the order, it is unreasonable that

they needed any amount of time to review it. *See* 11 U.S.C. § 330(a)(3)(A). The Court also finds

that emailing the Debtor a copy of the order falls under "routine communications with [the

Debtor]" covered by § 2 of the Retention Agreement as part of the base fee, as the Debtor should

be kept abreast of developments in his case. N.Y. R. Prof'l Conduct 1.4(a)(3) ("A lawyer shall

. . . keep the client reasonably informed about the status of the matter"). The Court disallows all

$100 sought for this time entry.

      j.   10/31/19

Debtor's Counsel seeks $500 in additional fees for 1.0 hour of work for reviewing the

Trustee's motion to dismiss (ECF No. 57) and emailing the Debtor regarding the motion. The

Trustee objects to compensation for this time entry, arguing that motions to dismiss are routine in

Chapter 13 cases and should be included in the base fee and that the fee is excessive.

The Retention Agreement does not specifically mention motions to dismiss other than

those filed after confirmation (which are not included in the base fee). Instead, this falls under

the provision that covers any activity not covered by the base fee. The 2016(b) Form also does

not specifically address motions to dismiss. This Court routinely allows fees for services

connected with a motion to dismiss filed by the Trustee. The Court has reviewed the motion to

dismiss and finds that $500 for 1.0 hour of time is reasonable for review of the motion and

correspondence with the Debtor regarding it. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D).

The Court overrules the Trustee's objection to this time entry and allows the $500 sought.

      2.     Victoria Lehning

The Invoice lists twenty-nine line items for Ms. Lehning's services in this case. For those

line items, Debtor's Counsel notes 7.8 hours of time and requests $2,700 in additional

compensation. The Court addresses each line item.

      a.   8/20/20, 11/24/20 (2d), 11/24/20 (3d), 12/1/20 (2d)

The Trustee objected to each of these time entries, which total $355 for 1.1 hours of

work. Debtor's Counsel conceded that these entries are included in the base fee and agreed to

remove them from the Fee Application. The Court thus disallows the $355 sought for these

activities.

b.  8/13/20

Debtor's Counsel seeks $105 for 0.3 hours of work for reviewing appraisals and the

proposed Stipulation. The Trustee has raised no opposition to this item.

This time entry took place during the same time that Ms. Tirelli was exchanging versions

of the Stipulation with RoundPoint. This leads the Court to conclude that these activities were

part of the greater negotiations to reduce RoundPoint's claim, which the Court has already held

is not entitled to additional compensation. Any argument that the activities tended more towards

motion practice (for a motion that was not filed for an additional two months) must fail for

vagueness, as the burden to prove entitlement to fees fell on Debtor's Counsel. *See In re GSC*

*Group, Inc.*, 502 B.R. at 742 (uncertainties resolved against applicant). The Court disallows the

$105 sought for this time entry.

c.  10/22/20, 11/24/20 (1st), 12/4/20, 1/29/21

Debtor's Counsel seeks $245 for 0.7 hours of work for intraoffice communications. The

Trustee argues that these communications should be covered by the Retention Agreement as part

of the base fee.

The Court first acknowledges that none of these entries by Ms. Lehning has a

corresponding entry by Ms. Tirelli, so there is no "double billing" by the firm for the same

communication. An analysis of the docket shows that these time entries correspond with the

continued confirmation hearing and the trustee's motion to dismiss. Three of the entries were in

preparation for a hearing and one was post-hearing. The Retention Agreement does not

specifically address preparation for and attendance at hearings other than the meeting of creditors

under § 341. The 2016(b) Form, though, does include under the base fee "[r]epresentation of the

debtor at the . . . confirmation hearing, and any adjourned hearings thereof[.]"[6]

"A lawyer should provide competent representation to a client. Competent representation

requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the

representation." N.Y. R. Prof'l Conduct 1.1(a). Absent specific provisions in the Retention

Agreement separating preparation for a hearing with representation at the hearing, and absent

specific information in the time entry separating preparation for the confirmation hearing and the

motion to dismiss, the Court must consider the intraoffice communications prior to the hearing

dates covered by the 2016(b) Form. As for the post-hearing conference between counsel, the

Court must consider that duplicative with the pre-hearing conference and the preparation for the

next hearing done a few weeks later. The Court sustains the Trustee's objection to these fees and

disallows the $245 sought for these activities.

    d.  8/21/20

Debtor's Counsel seeks $35 for 0.1 hours of work for a telephone call with the Debtor

regarding his domestic support obligation. The Trustee argues that this work should be included

as covered by the base fee in the Retention Agreement. Debtor's Counsel's counters that

"continued contact [with the Debtor] to determine that he remains current on that is our due

diligence in advance of hearings so that it can be represented to the Court if requested."

---

[6] Bankruptcy Form 2030, the standard form for the disclosure statement required by Rule 2016(b), includes this provision among its standard provisions for what is included in a typical base fee. That standard form would also include adversary proceedings under a base fee. Counsel typically do not include this latter provision and this Court and many others routinely allow additional fees for work performed in adversary proceedings. Adversary proceedings are rarely necessary for confirmation. On the other hand, confirmation hearings are always necessary for confirmation. The Court need not rule on whether all confirmation hearings (and preparation for them) should be included in a base fee, as the Court finds that the 2016(b) Form includes them in this case. The Court welcomes that argument in an appropriate case.

As noted directly above, the Court has held that preparation for confirmation hearings is included in the base fee. Debtor's Counsel has stated that the purpose of this phone call was to prepare for a hearing. The first hearing after this time entry was on the Debtor's confirmation and the Trustee's motion to dismiss. (The motion to dismiss does not cite the Debtor's domestic support obligation.) Moreover, the Retention Agreement specifically states that the base fee includes "[p]roviding [the Debtor] with answers to frequently asked questions and other routine communications with [the Debtor]." The Court construes this broad-based provision to include communications regarding the Debtor's domestic support obligation, as payment of a domestic support obligation is a requirement for discharge in a Chapter 13 case where applicable. *See* 11 U.S.C. § 1328(a). The Court sustains the Trustee's objection and disallows the $35 sought.

e.   9/8/20 (1st)

Debtor's Counsel seeks $175 for 0.5 hours of work for "[d]raft[ing] amended [points] of hearing for valuation of prop[erty] and confirmation[.]" The Trustee argues that this activity should be covered under the base fee. Debtor's Counsel argues that this was "a necessary event" due to the requirement "that settlements are fair and reasonable[.]"

The motion underlying this preparation was a request for the cramdown of a lien of Brisco Funding, which was made in the Debtor's amended Chapter 13 plan filed on August 20, 2020 (ECF No. 92). (RoundPoint subsequently objected on the basis that the wrong creditor was named in the motion in the plan (ECF No. 96).) That cramdown motion was settled, as reflected on the docket for hearings on October 29, 2020 for both the motion and confirmation.

As noted earlier, the Retention Agreement puts motion practice outside of the base fee. The time entry, though, is not specific as to what amount of time was spent preparing for the cramdown motion and what amount was spent preparing for confirmation. The inclusion of both

means that at least 0.1 hours was spent on preparation for the valuation hearing. *See Hines v. City of Albany*, 613 F. App'x at 55 (court may reduce fees sought due to block billing) The ambiguity in the time entry will not allow any greater finding. *See In re GSC Group, Inc.*, 502 B.R. at 742 (uncertainties resolved against applicant). As the Court has already found that preparation for confirmation hearings is included in the base fee, the Court must sustain in part the Trustee's objection. The Court allows $35 of the $175 requested.

      f.   9/8/20 (2d), 9/8/20 (3d)

Debtor's Counsel requests $105 for 0.3 hours of work for reviewing an email from the courtroom deputy regarding the October 29, 2020 hearing to value the Reading, PA property. Debtor's Counsel also seeks $35 for 0.1 hours of work for uploading an amended notice of hearing for the same valuation hearing. The Trustee has not opposed compensation for either activity.

The scheduled hearing on the cramdown motion is outside of the base fee, as it fits within the parameters of motion practice. Both activities were necessary for progressing the cramdown motion. The Court finds that the time spent for both activities is reasonable under the circumstances and that $140 is reasonable for that amount of time. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D). The Court allows the $140 sought for these line items.

      g.   11/2/20

Debtor's Counsel seeks $70 for 0.2 hours of work for uploading the affidavit of service for the notice of presentment of the motion to approve the Stipulation.[7] The Trustee has not objected to payment for this line item.

---

[7] The time entry mentions the Stipulation and not the motion to approve it. Context dictates that the time entry pertains to the motion.

The Court has already determined that Ms. Tirelli's work in preparing the motion to

approve the Stipulation was reasonable and necessary. An affidavit of service completed the

process to allow the motion to be decided on presentment. The Court finds that $70 for 0.2 hours

of work is reasonable under the circumstances for this activity, *see* 11 U.S.C. § 330(a)(3)(A),

(B), (C), and (D), and approves the $70 sought for this time entry.

h.   11/20/20 (1st), 11/20/20 (2d)

Debtor's Counsel seeks $105 in fees for two entries totaling 0.3 hours for uploading the

proposed order approving the Stipulation.[8] The Trustee has not opposed either line item.

As uploading the proposed order is part of the motion to approve the Stipulation, it is

motion practice outside of the base fee. The Court, though, fails to see why Debtor's Counsel,

after uploading the proposed order, needed to upload another proposed order the same day and

charge the Debtor for a second upload.  Debtor's Counsel has provided no explanation. The

Court thus finds that the second of these two entries was duplicative and disallows the $35

sought for it. *See* 11 U.S.C. § 330(a)(4)(A)(i). The Court approves $70 of the $105 sought for

these items. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D).

i.   11/23/20 (1st)

Debtor's Counsel requests $35 for 0.1 hours of work for reviewing an email from the

Court regarding changes needed to the proposed order approving the Stipulation.[9] The Trustee

opposes compensation for this line item, arguing that it should be included in the base fee.

The time in this line item was spent correcting issues with the proposed order, which,

when entered, resolved the Debtor's cramdown motion. As already held, motion practice is

---

[8] *See* note 7.
[9] *See* note 7.

explicitly excluded from the base fee in the Retention Agreement. The Court finds that $35 for 0.1 hours is reasonable for the task performed in this time entry. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D). The Court overrules the Trustee's objection and approves the $35 sought for this line item.

> j.    11/23/20 (2d), 11/24/20 (4th), 11/24/20 (5th)

Debtor's Counsel seeks $70 for 0.2 hours of work for drafting the proposed order and emailing it to opposing counsel, $70 for 0.2 hours of work for emailing opposing counsel after the proposed order was rejected, and $105 for 0.3 hours of work for amending the proposed order and uploading it for signature.[10] The Trustee has not opposed any of these time entries. These activities were necessary to resolve the cramdown motion, which, as motion practice, is not included under the base fee. The Court finds that $245 for 0.7 hours is reasonable under the circumstances. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D). The Court approves the $245 for these line items.

> k.    11/30/20 (1st)

Debtor's Counsel seeks $175 for 0.5 hours of work for "[r]eviewing response from [the Debtor], check[ing] NAC and email[ing] same to [the Debtor]." The Trustee has not opposed payment for this line item.

Without any context, abbreviations like "NAC" mean nothing. As it is Debtor's Counsel's burden to prove their entitlement to fees, the Court must find that this activity was a routine communication between the Debtor and Debtor's Counsel, which is covered under the base fee. *See In re GSC Group, Inc.*, 502 B.R. at 742 (uncertainties resolved against applicant). The Court disallows the $175 sought for this time entry.

---

[10] *See* note 7.

l.    11/30/20 (2d), 12/1/20 (3d)

Debtor's Counsel seeks $105 for 0.3 hours of work for reviewing the signed order

approving the Stipulation and for drafting the affidavit of service of that order. Debtor's Counsel

also seeks $70 for 0.2 hours of work to upload that affidavit of service onto the docket. The

Trustee has not opposed compensation for these services.

The Court has already rejected Ms. Tirelli's attempt to seek compensation for review of

the order that Debtor's Counsel prepared. For the same reasons, the Court rejects Ms. Lehning's

attempt to do the same. As for the affidavit of service, § 2 of the Retention Agreement provides

that "[s]ervice of orders on all affected parties" is covered by the base fee. The time entries

pertain specifically to the preparation of the affidavit of service and its filing. These activities are

both part and parcel of actual service, as, without them, service could not occur. The Court

disallows the $175 sought for these time entries.

m.   12/1/20 (1st)

Debtor's Counsel seeks $70 for 0.2 hours of work for a telephone call with the Debtor

regarding the Trustee's motion to dismiss and the Debtor's 2019 taxes. The Trustee argues that

these communications should be included with the base fee. The Court has already held that

services connected with the motion to dismiss are outside of the base fee. The Debtor's 2019

taxes, though, were not cited as cause to dismiss the case in the Trustee's motion to dismiss. The

Court must then find this communication to be preparation for confirmation, which the Court has

held is covered by the base fee. Due to block billing, the Court cannot find that more than 0.1 of

the time spent was on the motion to dismiss. *See Hines v. City of Albany*, 613 F. App'x at 55

(court may reduce fees sought due to block billing). The Court sustains the Trustee's objection in

part and approves $35 of the $70 sought for this line item.

n.  12/2/20, 1/21/21 (1st)

Debtor's Counsel requests $175 for 0.5 hours of work for two line items regarding communications with the Debtor about his payments. The Trustee argues that these items should be covered by the base fee.

Like the telephone calls to the Debtor, the emails regarding payments to the Trustee may be classified as pertaining to the Trustee's motion to dismiss and to confirmation. The lack of detail in the entries make it impossible to tell which is more likely. The first of the two entries states that Debtor's Counsel "[r]eview[ed] & respond[ed] to emails re: payments[.]" The second states that Debtor's Counsel "[r]eview[ed] & respond[ed] to email from [the Debtor] regarding current payments to [the Trustee]." Absent other information, both would tend to pertain to the Debtor's ongoing payment obligations, which is a confirmation issue, as opposed to arrears. Debtor's Counsel had the burden of proving otherwise. *See In re GSC Group, Inc.*, 502 B.R. at 742 (uncertainties resolved against applicant). The Court has held that confirmation preparation does not entitle Debtor's Counsel to additional fees under the terms of the 2016(b) Form. The Court thus sustains the Trustee's objection to payment for these line items and disallows all $175 sought for them.

o.  12/3/20

Debtor's Counsel seeks $350 for 1.0 of work for "Court Hearing." The Trustee argues that this should be covered by the base fee. Debtor's Counsel responded, arguing that "[b]illing for additional [and] unnecessary multiple appearances becomes a billable event when it has to do with pending Trustee Motions to Dismiss."

The Court reminds Debtor's Counsel that "[t]ime entries for court hearings and conferences should identify the subject of the hearing or conference." Amended Guidelines, at

¶ A(4)(vii). Nevertheless, there was only one hearing pertaining to the Debtor on that date, which pertained to confirmation and the Trustee's motion to dismiss. The Court has reviewed the recording of that hearing and notes that it lasted approximately fifty-nine seconds. Much of the discussion pertained to the amended plan that would be filed. Debtor's Counsel did very briefly mention arrears to the Trustee, which form part of the basis of the motion to dismiss. The Court has already found that preparation for and attendance at confirmation hearings does not entitle Debtor's Counsel to additional fees. It appears that much of this 1.0 hour was spent waiting for this case to be called. Given that the motion to dismiss was the sole focus of Debtor's Counsel's time for less than one minute and that Debtor's Counsel would have spent all save a few seconds were the hearing just about confirmation, the Court must find that only 0.1 of this time entry pertained to the motion to dismiss. The Court finds that $35 for 0.1 hours is reasonable under the circumstances. *See* 11 U.S.C. § 330(a)(3)(A), (B), (C), and (D). The Court sustains the Trustee's objection in part and approves $35 of the $350 sought for this line item.

        p.  12/21/20

Debtor's Counsel seeks $70 for 0.2 hours spent "[r]eview[ing] & respon[ing] to email from [the Debtor] [with] insurance binder in [Reading,] PA property[.]" The Trustee has not opposed this line item.

The Stipulation states that the "Debtor shall maintain appropriate insurance . . . during the pendency of the Chapter 13 case[.]" Section 2 of the Retention Agreement provides that communications with the Debtor regarding insurance coverage are part of the base fee. The Court must disallow the $70 for this time entry.

q.  1/21/20 (2d)

Debtor's Counsel seeks $175 for 0.5 hours of work for "[c]alculat[ing] payments made and payments missing on account ledger to ascertain if client is current." The Trustee argues that this time entry should be covered by the base fee.

Debtor's Counsel counters that this was necessary to understand the current situation when the motion to dismiss cites arrears in plan payments. That may be true. On the other hand, maintaining current payments is also crucial for confirmation. Without additional detail in the time entry, the Court cannot determine whether this entry pertains to the motion to dismiss or whether it pertains to confirmation. It could be both. Regardless, establishing which it pertained to was Debtor's Counsel's burden. The Court must presume that it pertains to confirmation. *See In re GSC Group, Inc.*, 502 B.R. at 742 (uncertainties resolved against applicant). As time spent preparing for confirmation does not entitle Debtor's Counsel to additional fees, the Court must sustain the Trustee's objection and disallow all $175 sought for this line item.

*** 

The Court notes that much of the Trustee's objection was based upon the argument that certain services are common in Chapter 13 cases and *should* be included in a base fee charged by an attorney. The Court has not sustained any part of the Trustee's objection on this basis.[11] Instead, the Court is ordering reductions based upon the specific language of the Retention Agreement and the 2016(b) Form, the reasonableness of time spent on certain tasks under the circumstances of the case, and ambiguities in the time entries that cause Debtor's Counsel to fail their burden of proof.

---

[11] *But see* note 6.

This decision should serve as an alert to all attorneys regarding the clarity of their retention agreements and time entries. At the same time, given the vast number of time entries that the Court has determined through its independent analysis fall under the base fee, the Trustee is also alerted to be more scrupulous in the review of fee applications.

The purpose of filing a bankruptcy case is for an eligible debtor to receive a discharge. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007). It is the attorney's responsibility to provide for the services necessary to reach that goal until a discharge is granted. *See In re Ortiz*, 496 B.R. 144, 148 (Bankr. S.D.N.Y. 2013). To that end, base fees must cover all services that are routinely needed to get the debtor a discharge. *See In re Smith*, 331 B.R. 622, 630 (Bankr. M.D. Pa. 2005) ("flat fees . . . in a Chapter 13 case should include the services necessary to confirm the plan in a routine case").

The Court finds that an evidentiary hearing on the Fee Application is unnecessary, as there are no material disputes about facts surrounding the application. Any lack of clarity in Debtor's Counsel's time entries cannot be resolved by testimony of counsel, as that evidence cannot augment issues with time records that should have been explained contemporaneously with the work performed. *See* Amended Guidelines, at ¶ A(4)(vii) ("Time entries should be kept contemporaneously with the services rendered"); *see also N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) ("contemporaneous time records are a prerequisite for attorney's fees in this Circuit").

In sum, the Court allows the $2,000 sought for the remainder of the base fee and $65.92 for expenses. As for the $16,000 in additional fees sought, the Court allows $2,915 and disallows the rest. The Fee Application is approved in the total amount of $4,980.92.

## <u>Conclusion</u>

For the foregoing reasons, the Court approves the fee application in part and denies it in part. Debtor's Counsel and the Trustee are directed to jointly submit an order in accordance with this decision.



/s/ Cecelia G. Morris

_____

**Dated: September 2, 2021**
**Poughkeepsie, New York**

**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

Page **28** of **28**